IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **PETER P. YENDLURI** | § | |
| | § | |
| **v.** | § | **NO. 4:24-CV-01120-ALM-BD** |
| | § | |
| **COGNIZANT INC.** | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Peter P. Yendluri sued defendant Cognizant Inc. under Title VII of the Civil Rights Act of 1964, alleging that Cognizant discriminated against him because of his Christian faith and retaliated against him. Dkt. 1. Yendluri then filed a motion for appointment of counsel. Dkt. 4. The motion will be denied.

## BACKGROUND

At this stage, the facts alleged in the complaint are taken as true. According to the complaint, Cognizant hired Yendluri as a Senior Project Manager. Dkt. 1 at 3. During his employment, Yendluri was the only Christian working at Cognizant's Plano location, and Cognizant forced him to perform responsibilities that were not related to his job title. It also failed to pay Yendluri correctly for working the night shift and violated "the labor law." *Id.* Cognizant later terminated Yendluri, stating that he failed to upload his profile into the Cognizant Portal.

Yendluri filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1-2 at 2–4. Without deciding the merits of his case, the EEOC declined to investigate further and issued him a right-to-sue letter. *Id.* at 1.

Before the letter's deadline to sue, Yendluri filed his complaint in this court, seeking $100,000,000 in damages. Dkt. 1. He also moved for appointment of counsel. Dkt. 4. The motion reads, in full: "To, honorable District Judge and Magistrate Judge please provide me a counselor, for this case #: 4:24-cv-01120-ALM-BD for Jury trial. I'm looking forward, ackno[w]ledged my humble request to the court, Judge as well Magistrate." *Id.* at 2.

## DISCUSSION

Title VII permits the court to appoint counsel for plaintiffs "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When determining whether the appointment of counsel is appropriate, the court considers three factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Those *Caston* factors, no one of which is conclusive, are just "ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310. The plaintiff bears the burden of persuasion. *Id.*

The court can also appoint counsel for an indigent party under 28 U.S.C. § 1915(e)(1) (formerly § 1915(d), *see* n. to 1996 amendment). That provision states: "The court may request an attorney to represent any person unable to afford counsel." In cases discussing appointment of counsel under that statutory language, courts frequently rely on the test announced in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) (citing former § 1915(d)). According to *Ulmer*, the court should appoint an attorney only when the case presents exceptional circumstances. 691 F.2d at 212. To determine whether there are exceptional circumstances, the court considers:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 213 (citations omitted). "The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant[s] as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

The *Caston* and *Ulmer* standards are not interchangeable. *Gonzalez*, 907 F.2d at 580; *see Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013); *Buesgens v. Snow*, 169

F. App'x 869, 871 (5th Cir. 2006). Because Yendluri sued under Title VII and is not proceeding in forma pauperis, the *Caston* factors, rather than the *Ulmer* factors, apply.

The first *Caston* factor looks to the merits. Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual" because of his religion. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of religious discrimination, "the plaintiff must present evidence that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend County*, 765 F.3d 480, 485 (5th Cir. 2014).

Title VII also makes it unlawful for an employer to discriminate (i.e., retaliate) against its employees or applicants for employment "because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, "a plaintiff must show (1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Id*. at 489-90.

Although not preclusive, a "determination of the EEOC is highly probative" when considering a motion to appoint counsel. *Caston*, 556 F.2d at 1309. The EEOC declined to make a determination regarding the merits of Yendluri's claim or to investigate further. Dkt. 1-2 at 1. Additionally, Yendluri's complaint, which was approximately two handwritten paragraphs, and the entirety of the record do not provide enough substantial information regarding the merits of Yendluri's religious discrimination or retaliation claims. Accordingly, the first *Caston* factor weighs against appointing counsel. *See Buesgens*, 169 F. App'x at 870.

The second and third factors also weigh against appointing counsel because the motion says nothing about Yendluri's efforts to obtain counsel or his financial ability to do so. Further, the motion does not contain any supplemental facts that the court could consider as a part of the "total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310. Under the *Caston* analysis, Yendluri has not established a sufficient basis for the court

to appoint counsel. If Yendluri's complaint were to survive a motion for summary judgment, the court would entertain another motion for appointment of counsel at that stage.

It is **ORDERED** that the motion, Dkt. 4, is **DENIED**.

So **ORDERED** and **SIGNED** this 25th day of April, 2025.

_____
Bill Davis
United States Magistrate Judge